# EXHIBIT B

**City of Philadelphia Department of Records**

## RECORDING INFORMATION SUMMARY (RIS)

| | |
|---|---|
| The information provided by you will be relied upon by the Department of Records for examination and indexing purposes. If there is any conflict between the RIS and the attached document, the information on the RIS shall prevail for examination and indexing purposes. | **1) RETURN DOCUMENT TO:**<br>Name: Assurance Abstract Corp.<br>Address: P.O. Box 52735<br>Philadelphia, PA 19152<br>Telephone: Telephone: 215-331-4200 Fax: 215-331-4020 |

**2) Type of Document:**
- ☐ Deed
- ☐ Sheriff's Deed
- ☐ Deed of Condemnation
- ☐ Other Deed
- ☒ Mortgage
- ☐ Release of Mortgage
- ☐ Assignment of Mortgage
- ☐ Satisfaction of Mortgage
- ☐ Lease/Memorandum of Lease
- ☐ Assignment of Lease & Rent
- ☐ Easement
- ☐ Other: _____ (specify)

**3) Date of Document:** 11 / 9 / 01
month / day / year

**4) Grantor/Mortgagor/Assignor/Lessor/Other:**
(Last Name, First Name, Middle Initial)
a) Holland, Kia R.
b) Stone, Charles W.

**5)** ☐ Additional names on Continuation Page of RIS.

**6) Grantee/Mortgagee/Assignee/Lessee/Other:**
(Last Name, First Name, Middle Initial)
a) Madison Bank DBA Philadelphia Financial Mtg.
b) _____

**7)** ☐ Additional names on Continuation Page of RIS.

**8) Property Address:**
a) House No. & Street Name: 5119 Saul Street    Unit # _____    Philadelphia, PA    Zip Code: 19124
Condo Name (if applicable): _____
BRT Account # (optional): _____    Parcel Identification Number (PIN) (optional): 62-1-461000

**9)** ☐ Additional addresses on Continuation Page of RIS.

**10) Grantee's Mailing Address (Deeds only):**
(If Grantee is at a different address than the Property Address listed in Section 8, complete this section.)
a) Grantee or Designee Name: _____
House No. & Street Name: _____
City _____    State: _____    Zip Code: _____

**11) Recording Information to be Referenced.** Mortgage to be released/satisfied/assigned/modified:    Recorder's Index Information of Original Mortgage:
a) Name of Original Mortgagee: _____
Recording Date of Original Mortgage: ___ / ___ / ___    Initials, Book and Page or Doc. ID#
month / day / Year

**12)** ☐ Additional references on Continuation Page of RIS.

**13) If applicable, please check:** ☐ Consolidation    ☐ Subdivision

**14) Signature Information**
Kia R. Holland
a) 'OR –or– 'EE Name
† Kia R Holland
b) 'OR –or– 'EE Telephone Number
+(215) 327-4125
c) 'OR –or– 'EE Signature

**15) Page 1 of 10**

82-337 (Rev. 01/01/01)

for Records Department use only

50359956
Pg: 1 of 10
11/20/2001 04:15PM

This Document Recorded
11/20/2001
04:15PM
Doc Code: M

Doc Id: 50359956
Receipt #: 127515
Rec Fee: 43.50
Commissioner of Records, City of Philadelphia

4-25658 assurance abstract Corp.

**ORIGINAL**

Loan [redacted]                [Space Above This Line For Recording Data]

## MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **NOVEMBER 9, 2001**  . The mortgagor is **KIA R. HOLLAND AND CHARLES W. STONE**

whose address is **5119 SAUL STREET**
**Philadelphia, PA  19124**                        ("Borrower"). This Security Instrument
is given to Madison Bank DBA Philadelphia Financial Mtg.
**1767 SENTRY PARKWAY WEST, BLUE BELL, PA 19422**
which is organized and existing under the laws of   the Commonweath of PENNSYLVANIA       , and whose
address is  **1767 Sentry Parkway West, Ste. 220**                                ("Lender").
**Blue Bell, PA  19422**
Borrower owes Lender the principal sum of
**FIFTY-SIX THOUSAND FOUR HUNDRED THIRTY-FOUR AND 00/100**
Dollars (U.S. $  **56,434.00**    ). This debt is evidenced by Borrower's note dated the same date as
this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid
earlier, due and payable on  **DECEMBER 1, 2031**       . This Security Instrument secures to
Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and
modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to
protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and
agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby
mortgage, grant and convey to the Lender the following described property located in
**PHILADELPHIA**                                                     County, Pennsylvania:
**LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART**
**HEREOF.**

50359956
Pg: 2 of 10
11/20/2001 04:15PM

PENNSYLVANIA - Single Family - FHA Security Instrument
Form 94139 1/96
Laser Forms Inc. (800) 446-3555          Page 1 of 7        Initials: _RH_
LFI #FHA94139 1/99                              2              C W S

## *First American Title Insurance Company*
### SCHEDULE C
### Legal Description

Commitment No. ▮

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected. Situate in the City of Philadelphia, County of Philadelphia and State of Pennsylvania

SITUATE on the Southeast side of Saul Street (60' wide) at the distance of 132' 3" Northeastward from the Northeast side of Dyre Street in the 62nd Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Saul Street 15' 2-1/2" and extending of that width Southeastwardly between parallel lines with the said Dyre Street 100' to the middle of a certain 16' wide driveway extending Northeastward into Pratt Street.

BEING No. 5119 Saul Street.

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway, passageway and watercourse at all times hereafter, forever.

50359956
Pg: 3 of 10
11/20/2001 04:15PM

3

PA-3

which has the address of 5119 SAUL STREET          PHILADELPHIA
                                [Street]                [City]

Pennsylvania    19124         ("Property Address");
                [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds".

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

PENNSYLVANIA - Single Family - FHA Security Instrument
Form 94139 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94139 1/99

Page 2 of 7    Initials: K.B.H.
                        C.W.S.

50359956
Pg: 4 of 10
11/20/2001 04:15PM

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines this requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct of consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

PENNSYLVANIA - Single Family - FHA Security Instrument
Form 94139 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94139 1/96

Page 3 of 7    5    Initials: K.R.H.
                                    C W S

50359956
Pg: 5 of 10
11/20/2001 04:16PM

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to the Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

    (a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

    (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

    (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

    (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums secured by this Security Instrument if:

    (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

    (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

    (c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

    (d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

    (e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within       DAYS from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to           from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if:

PENNSYLVANIA - Single Family - FHA Security Instrument
Form 94139 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94139 1/99                    Page 4 of 7        Initials: K.R.H.
                                            6                  C W S

50359956
Pg: 6 of 10
11/20/2001 04:15PM

(i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

PENNSYLVANIA - Single Family - FHA Security Instrument
Form 94139 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94139 1/99

Page 5 of 7    Initials: K.R.H.
   7           C W S

50359956
Pg: 7 of 10
11/20/2001 04:15PM

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

21. **Reinstatement Period.** Borrower's time to reinstate provided in paragraph 18 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

22. **Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

23. **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.



50359956
Pg: 8 of 10
11/20/2001 04:15PM

PENNSYLVANIA - Single Family - FHA Security Instrument
Form 94139 1/96
Laser Forms Inc. (800) 446-3555
LFI #FHA94139 1/99

Page 8 of 7

Initials: K.R.H.
C W S

**Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider           ☐ Growing Equity Rider
☐ Graduated Payment Rider     ☐ Planned Unit Development Rider
☒ Other [specify]   **PHFA RIDER**

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        _____KIA R. HOLLAND_____ (Seal)
                                                    KIA R. HOLLAND            -Borrower

                                        _____CHARLES W. STONE_____ (Seal)
                                                    CHARLES W. STONE          -Borrower

                                        _____ (Seal)
                                                                              -Borrower

                                        _____ (Seal)
                                                                              -Borrower

[Space Below This Line For Acknowledgment]

**Certificate of Residence**
I, MADALINE RICCIARDI, do hereby certify that the correct address of the within-named Lender is 1767 Sentry Parkway West, Ste. 220, Blue Bell, PA 19422
Witness my hand this 9TH day of NOVEMBER, 2001

50359956
Pg: 9 of 10
11/20/2001 04:15PM

_____MADALINE RICCIARDI_____   Agent of Lender

COMMONWEALTH OF PENNSYLVANIA, PHILADELPHIA                       County ss:
On this, the 9TH day of NOVEMBER, 2001, before me the undersigned officer, personally appeared
KIA R. HOLLAND AND CHARLES W. STONE

known to me (or satisfactorily proven) to be the person whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My Commission expires:                          _____
                                                                Notary Public

PENNSYLVANIA - Single Family - FHA Security Instrument
Form 94139 1/96
Laser Forms Inc. (800) 446-3555                    Page 7 of 7
LFI #FHA94139 1/99

NOTARIAL SEAL
THERESA M. KLUSKA, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 3, 2005

NOTARIAL SEAL
THERESA M. KLUSKA, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 3, 2005

**PENNSYLVANIA HOUSING FINANCE AGENCY**
**SINGLE FAMILY MORTGAGE PROGRAMS**

**ADDENDUM TO MORTGAGE INSTRUMENT SPECIAL TRANSFER/ASSUMPTION/OCCUPANCY RIDER**

THE BORROWER(S) HEREBY INCORPORATE(S) THE FOLLOWING COVENANTS INTO THE MORTGAGE DELETING ANY INCONSISTENT PROVISIONS CONTAINED THEREIN:

<u>Transfer of Property, Owner Occupancy, Assumption of Mortgage.</u>

1. Acceleration of Debt. In the following situations, all sums secured by this mortgage shall immediately be due and payable:

    A. <u>Sale or Transfer of Property</u>. If all of the Property or an interest therein is sold, leased, or transferred by the Borrower(s), excluding: (a) the creation of a lien or encumbrance subordinate to this mortgage, (b) the creation of a security interest for household appliances, (c) a transfer resulting from a decree of divorce or annulment, legal separation agreement or from an incidental property settlement agreement by which the spouse of a borrower becomes an owner of the property, or (d) a transfer by devise, descent or by operation of law upon the death of a joint tenant or tenant by the entireties.

    B. <u>Owner Occupancy</u>. If the property for any reason is no longer owner-occupied.

2. Assumptions. The originating lender, its successors and assigns ("Lender"), may (but is not obligated to) waive such acceleration of the mortgage debt and allow an assumption of the mortgage debt by a purchaser of the property if, prior to sale or transfer, Lender:

    A. has received from Borrower a written notification that Borrower(s) intend(s) to sell or otherwise convey the property and requests that Lender waive its right to accelerate the debt and permit an assumption of the debt by the purchaser(s);
    B. has received a complete application for loan assumption from the purchaser(s);
    C. reaches agreement with the purchaser(s) on the interest rate to be paid on the sums secured by this Mortgage;
    D. determines that the loan can be assumed and the purchaser(s) is/are qualified to be mortgagor(s) under the eligibility criteria that exists for the particular type of loan involved (i.e., PHFA's Mortgage Revenue Bond Program, VA Mortgage, FHA Mortgage, RHS Mortgage, or a mortgage originated in connection with any other PHFA Single Family Program);
    E. enters into a written assumption agreement among itself, the Borrower(s) and the Purchaser(s).

3. Misrepresentations or Omissions. Borrower(s) also agrees and understands that Lender has been induced to make the loan secured by this Mortgage based upon the statements and representations in the loan application and accompanying affidavits, documents and statements signed by Borrower(s) in connection with this loan. Borrower(s) hereby covenant(s) and warrant(s) that such statements and representations were true, correct and complete when made and are true, correct and complete as of the date of this Mortgage. If such statements or representations are untrue, incorrect or incomplete (whether willful, inadvertent or otherwise) the Borrower(s) shall be in breach of this Mortgage and Lender shall have the right to exercise its remedies under this Mortgage (including the right to institute foreclosure proceedings against the mortgaged property) and shall have the right to adjust the interest rate on the outstanding principal balance (and any corresponding increase in the monthly payment of principal and interest) to the then prevailing interest rate as determined by the Lender.

Date: 11-9-01                                 _Kia R. Holland_
                                              Signature of Mortgagor

Date: 11-7-01                                 _Charles W. Stora_
                                              Signature of Mortgagor

August, 1999

50359956
Pg: 10 of 10
11/20/2001 04:15PM