**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kia R. Holland <br> _Debtor(s)_ | CHAPTER 13 |
| U.S. Bank National Association (Successor Trustee for the Pennsylvania Housing Finance Agency, pursuant to said Trust Indenture) <br> _Moving Party_ <br> vs. | NO. 23-10674 AMC |
| Kia R. Holland <br> _Debtor_ <br> Charles W. Stone <br> _Co-Debtor_ | 11 U.S.C. Sections 362 and 1301 |
| Kenneth E. West <br> _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of January 14, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$175.67**. Post-petition funds received after January 14, 2025, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | January 2025 at $648.02 |
| Suspense Balance: | ($472.35) |
| **Total Post-Petition Arrears:** | **$175.67** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall tender a down payment of **$175.67**.

    b). Beginning with the payment due **February 2025** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$648.02** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing

and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 22, 2025                    /s/ Denise Carlon
                                            Denise Carlon, Esq.
                                            Attorney for Movant

Date:   January 29, 2025                    /s/ Michael A. Cibik
                                            Michael A. Cibik, Esq.
                                            Attorney for Debtor
                                            No Objection

Date:   February 5, 2025                    /s/ LeeAne O. Huggins
                                            Kenneth E. West
                                            Chapter 13 Trustee

Approved by the Court this 11th day of Feb., 2025. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan